**SO ORDERED.**

**SIGNED this 27 day of November, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
ELIZABETH CITY DIVISION

IN RE:

PAULA J. HUFSTETLER,

    DEBTOR.                                  CASE NO. 07-04115-8-JRL
                                                    CHAPTER 7

_____

**ORDER**

This case is before the court on the motion for credit counseling exemption filed by the debtor on November 2, 2007.  On November 16, 2007, the debtor filed a motion to continue the hearing due to the debtor's inability to attend the hearing and a conflict with the debtor's attorney.  For the reasons set forth below, the court grants the debtor's motion for credit counseling exemption without a hearing.

The debtor filed a Chapter 7 petition on November 1, 2007.  At that time, the debtor did not file a certificate of credit counseling, but filed a motion for credit counseling exemption based on the debtor's incapacity and disability.  11 U.S.C. § 109(h)(1) provides that:

> an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a

related budget analysis.

However, this provision does not apply "to any debtor whom the court determines . . . is unable to complete those requirements because of incapacity or disability. Id. § 109(h)(4). For purposes of this section, incapacity means that "the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities." Id. Disability means "that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing." Id.

The record clearly shows that the debtor is incapacitated and disabled. On March 17, 2007, the debtor was admitted to Beaufort County Hospital for depression, agitation, and paranoid ideas. The debtor is delusional and suffers from personality and mood disorders. Her medical records indicate that she has a history of psychiatric illness following the death of her husband from cancer five years ago. The debtor is on a regiment of anti-psychotic medications and under the supervision of social services. The debtor has been declared incompetent and is unable to drive. In order to attend credit counseling or a hearing on this matter, the debtor's guardian would have to make arrangements and expenditures to transport the debtor.

Based on the record, the court ALLOWS the debtor's motion for exemption from the pre-bankruptcy credit counseling requirement. The court finds that the debtor is incapacitated and disabled as defined in 11 U.S.C. §. 109(h)(4). The debtor is therefore exempt from the pre-bankruptcy credit counseling requirement of 11 U.S.C. § 109(h)(1).

"END OF DOCUMENT"